Ford & Harrison LLP
Ross A. Boughton (SBN 241119)
rboughton@fordharrison.com
505 Montgomery Street, Suite 1001
San Francisco, California 94111
Telephone: (415) 852-6900
Facsimile: (415) 852-6901

David L. Cheng (SBN 240926)
dcheng@fordharrison.com
350 S. Grand Ave, Suite 2300
Los Angeles, California 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendant
U.S. SECURITY ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTHERN CALIFORNIA

| | |
|---|---|
| WALDO BURROLA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. SECURITY ASSOCIATES, INC, and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. **'18 CV0594 BEN JLB**<br><br>**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, & 1441(B) (DIVERSITY & FEDERAL QUESTION)** |

Ford & Harrison LLP
Attorneys At Law
Los Angeles

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331 and 1441(b), defendant U.S. Security Associates, Inc. ("USSA" or "Defendant") hereby removes to this Court the above-captioned matter. Removal is proper based upon the following:

## COMMENCEMENT OF ACTION IN STATE COURT

1.    *State Court Complaint.*    Plaintiff Waldo Burrola ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of San Diego by filing a Complaint for Damages and Demand for Jury Trial on February 2, 2018 entitled "Waldo Burrola, individually and on behalf of other members of the general public similarly situated, Plaintiff, vs. U.S. Security Associates, Inc., and Does 1 to 100, inclusive, Defendants," Case No. 37-2018-00005995-CU-OE-CTL ("Complaint").[1]

2.    *Service of Complaint.*    On February 20, 2018, Plaintiff served USSA with a copy of the Complaint, Summons, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information documents via personal delivery on USSA's agent for service of process. Pursuant to 28 U.S.C. § 1446(a), copies of these documents, which together constitute all process, pleadings, and orders received by USSA in this matter, are attached as **Exhibits A-D** to the accompanying Declaration of Ross Boughton ("Boughton Decl."), ¶¶ 5-9.)

3.    *State Court File.*    True and correct copies of all the documents filed in State Court for this action are attached as **Exhibits A, B, C, and E** to the

---

[1] Please note that Plaintiff Waldo Burrola filed two separate actions on the same day against USSA: this current putative class and representative action which alleges claims related to access to restroom facilities (San Diego Case No. 37-2018-00005995-CU-OE-CTL) and an individual wage-and-hour and retaliation action (San Diego Case No. 37-2018-00006081-CU-OE-CTL). Both are being removed through separate Notice of Removals.

- 2 -

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

accompanying Boughton Decl.

　　　4.　*Timing of Removal.*　This Notice of Removal is timely filed in accordance with 28 U.S.C. 1446(b), in that it is filed within thirty (30) days after February 20, 2018, the first and only date on which USSA was provided with any pleading or other paper in this matter, and this case has been on file for less than one year.　*See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).　The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law.　*See Id.*　Further, when the final date to remove falls on a weekend day, the period for removal is extended until the next regular (i.e., non-holiday) weekday.　*See Depres v. Ampco-Pittsburg Corp.*, 577 F. Supp. 604, 609 (D. Conn. 2008) ("The thirtieth day after August 9, 2007 was September 8. However, because September 8 was a Saturday, according to the rules for computing time set out on Federal Rule of Civil Procedure 6(a)(3), the period for removal was extended until the next regular weekday.　September 10 was the Monday immediately following September 8.　Thus, because Viad filed its notice of removal on September 10, 2007, it complied with the thirty-day period for removal specified in § 1446(b).").　Here, the thirtieth day after February 20, 2018 is Thursday, March 22, 2018.　Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

## **NATURE OF CLAIMS**

　　　5.　Plaintiff is a former USSA security officer.　(Boughton Decl. ¶ 6, **Exhibit A,** Complaint, ¶ 10.)　In his Complaint, Plaintiff asserts two claims, 1) a putative class claim for "Failure to Provide Toilet Facilities" and 2) a claim for penalties under California's Private Attorneys General Act ("PAGA") for the same alleged lack of restroom access.　Plaintiff seeks damages, interest, costs of suit, reasonable attorney's fees, and "other and further relief as the Court deems just and proper."　(Boughton Decl. ¶ 6, **Exhibit A,** Complaint, Prayer for Relief, ¶¶ 1-5.)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

## **BASIS FOR REMOVAL**

### **Federal Question Jurisdiction**

6.    This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts claims that arise under the laws of the United States.

7.    An action "arises under" federal law pursuant to § 1331 if the cause of action (1) is created by federal law, or (2) necessarily requires resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, (2005) 545 U.S. 308, 314 (2005); *Empire Healthchoice Assurance*, *Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012).

8.    As pled, Plaintiff's first cause of action for "Failure to Provide Toilet Facilities" is predicated on a violation of federal law and arises under federal law. Plaintiff makes clear the claim is brought pursuant to federal law in the sub-title of the claim, which asserts that the claim is brought under "California Code of Regulations, Title 8, § 3364(b), California Labor Code §§ 6300 et seq., and *U.S. Dept. Of Labor Code, 29 CFR 1910.141*." (Boughton Decl. ¶ 6, **Exhibit A,** Complaint, p. 5.) (emphasis added). In the body of the claim, Plaintiff alleges that when he and putative class members "were not allowed to use the on-site toilet facilities." (Boughton Decl. ¶ 6, **Exhibit A,** Complaint, ¶ 17.) Plaintiff alleges that this alleged failure violated federal regulations, asserting "Plaintiff and Class Members worked without toilet facilities in violation of California Code of Regulations, Title 8, § 3364(b) and *U.S. Dept. of Labor Code, 29 CFR 1910.141*." (Boughton Decl. ¶ 6, **Exhibit A,** Complaint, ¶ 19.) (emphasis added).

9.    29 CFR 1910.141 is a federal regulation entitled "Sanitation" promulgated by the Department of Labor's Occupational Safety and Health Administration. The regulation falls under Title 29 (Labor), Subtitle B (Regulations

- 4 -

Ford & Harrison LLP
Attorneys At Law
Los Angeles

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

Relating to Labor), Chapter XVII (Optional Safety and Health Administration, Department of Labor), Part 1910 (Occupation Safety and Health Standards, Subpart J (General Environmental Controls) of the Code of Federal Regulations.  It is, consequently, a federal law and Plaintiff's first cause of action is based on an alleged violation of federal law.

10.    Claims that are predicated on violations of federal regulations contained in the Code of Federal Regulations qualify as removable claims that arise "under the Constitution, laws, or treaties of the United States."  *See* 28 U.S. Code § 1331; *Edick v. Allegiant Air, LLC*, 2011 U.S. Dist. LEXIS 41890, *8 (D. Nev. April 12, 2011).

11.    Accordingly, federal subject matter jurisdiction exists over Plaintiff's asserted claims in accordance with 28 U.S.C. § 1331, and this action may thus be removed pursuant to 28 U.S.C. § 1441.  Further, because all of Plaintiff's claims form part of the same case and controversy, *see* Boughton Decl. ¶ 6, **Exhibit A, Complaint**, ¶¶ 15, 21 (re-alleging and incorporating by reference all previous allegations into each cause of action), this Court has supplemental jurisdiction under 28 U.S.C. § 1367.  Indeed, both of Plaintiff's claims arise from the same alleged failure to provide access to restroom facilities and both claims largely, if not completely, overlap.

## Diversity Jurisdiction

12.    This action is further removable to this Court pursuant to 28 U.S.C. § 1441(b) in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest or costs.

13.    Plaintiff alleges, and Defendant is informed and believes, that Plaintiff is a citizen and resident of the State of California. (Boughton Decl. ¶ 6, **Exhibit A, Complaint**, ¶ 4.) ("Plaintiff is, and at all times mentioned herein was, an individual and a resident of San Diego County, California.")

- 5 -

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.:
DOCUMENT PRINTED ON RECYCLED PAPER

14.    USSA is incorporated in the state of Delaware, and its principal place of business is in Roswell, Georgia.  (Kahn Decl., ¶ 3.)  Accordingly, USSA is a citizen of Delaware and Georgia.  28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated").

15.    Pursuant to 28 U.S.C. Section 1441(b), the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

16.    As such, there is complete diversity between Plaintiff and USSA.

17.    The Complaint does not allege a damages amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. W*hite v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Scherer v. Equitable Life Assur. Society of the United States*, 347 F.3d 394, 399 (2nd Cir. 2003) (noting that amount to consider for jurisdictional purposes is amount put in controversy by the plaintiffs complaint, without regard to subsequently asserted defenses).  Here, Plaintiff seeks damages, interest, costs of suit, reasonable attorney's fees, and "other and further relief as the Court deems just and proper." (Boughton Decl. ¶ 6, **Exhibit A,** Complaint, Prayer for Relief, ¶¶ 1-5.)  Although USSA vehemently disputes that Plaintiff will prevail on any claim, USSA recognizes that Plaintiff's claims, on their face, seek more than $75,000.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.")  For example, although Plaintiff's exact damages are not set forth in detail and there is limited case law or verdicts regarding Plaintiff's exact allegations, a Plaintiff raising a failure to access a restroom in a different context (reasonable accommodation) action was awarded $200,000.  *See A.M. v. Albertsons, LLC*, 178 Cal. App. 4th 455, 457 (2009).

18.    Accordingly, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

19.    The United States District Court for the Southern District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of San Diego, which is located within the Southern District of California.

## NOTICE

20.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Superior Court of the State of California for the County of San Diego, and is being served upon counsel of record for Plaintiff.

## BASIS FOR REMOVAL

21.    Based on the foregoing, this action is properly removable under 28 U.S.C. § 1441(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction).

22.    In filing this Notice of Removal, USSA does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

WHEREFORE, defendant USSA respectfully requests that this matter be

1    removed to the United States District Court for the Southern District of California

2    and requests that this Court assume full jurisdiction over this action as provided by

3    law.

4

5    Dated: March _21, 2018                    Respectfully submitted,

6                                              FORD & HARRISON LLP

7

8                                              By: /s/ Ross Boughton

9                                              Ross A. Boughton
                                               David L. Cheng
                                               Attorneys for Defendant
10                                             U.S. SECURITY ASSOCIATES,
                                               INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

**CERTIFICATE OF SERVICE**

I, **EVELYN COOPWOOD**, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **March 21, 2018**, I served a copy of the within document(s):
**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331 & 1441(B) (DIVERSITY)**

☐    **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **BY OVERNIGHT MAIL:** by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

Eduardo Martorell                                        Attorneys for Plaintiff
Megan Atkinson                                           *WALDO BURROLA*
Angelo E. Mishriki
MARTORELL LAW APC
6100 Center Drive, Suite 1130
Los Angeles, California 90045
Tel: (323) 840-1200
Fax: (323) 840-1300
Email:  EMartorell@Martorell-Law.com
           MAtkinson@Martorell-Law.com
           AMishriki@Martorell-Law.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **March 21, 2018**, at Los Angeles, California.

**EVELYN COOPWOOD**

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

CERTIFICATE OF SERVICE
CASE NO.: [INSERT]
DOCUMENT PRINTED ON RECYCLED PAPER